UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

ERIK FINK and WENDY FINK,

    Plaintiffs,

v.                                Civil Action No. 2:16-cv-08669

SPIRIT SERVICES OF WV, LLC;
WORLDWIDE EQUIPMENT, INC.;
WORLDWIDE EQUIPMENT ENTERPRISES,
INC.; WORLDWIDE EQUIPMENT
LEASING, INC.; WORLDWIDE
EQUIPMENT OF WEST VIRGINIA,
INC.; and BRANDON DOW, d/b/a
99 SOLUTIONS GROUP, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are two separate motions to dismiss, filed on February 1, 2017, by cross defendants Spirit Services of WV, LLC, ("Spirit") and Brandon Dow.

I.

Erik and Wendy Fink filed this action on September 8, 2016. The Finks claim that the defendants are liable for injuries stemming from a crash that occurred when one or more of the tires on the truck driven by Erik Fink, an employee of Spirit, exploded. It is alleged that the defendants knew that the tires were faulty and deliberately or negligently failed to

make repairs. The Finks filed the action in this court, invoking the court's diversity jurisdiction.

According to the complaint, Spirit leased a number of tanker trucks, used "to haul waste materials," from Worldwide Equipment, Inc.; Worldwide Equipment Enterprises, Inc.; Worldwide Equipment Leasing, Inc.; and Worldwide Equipment of West Virginia, Inc. (together, "Worldwide"). Complaint ("Compl.") ¶ 9. Spirit also contracted with Dow "to provide health and safety consultation" with regard to regulatory compliance. Id. ¶ 15. "[A]ll reports of the upkeep and maintenance of the subject truck were directed to . . . Dow." Id.

At all relevant times, Erik Fink was a truck driver employed by Spirit. Id. ¶ 8. Prior to the crash, Worldwide informed Erik Fink "that the subject truck had faulty tires that needed replaced." Id. ¶ 12. Worldwide had "discovered the faulty tires . . . approximately one week prior" to Erik Fink retrieving the truck from Worldwide. Id. Despite its discovery, Worldwide "instructed . . . [Erik Fink] to have [Spirit] repair the faulty tires" and "that [he] should be able to drive the subject truck for an additional two months." Id.

Erik Fink then informed Spirit of the condition of the tires on two separate occasions, yet Spirit refused to replace

2

the tires because, as a leased truck, the "[tires were] not worth the time or money to fix." Id. ¶¶ 13, 16. Erik Fink also notified Dow of the condition of the tires, but Dow failed to determine whether the faulty tires should have been repaired or replaced. Id. ¶¶ 13, 15.

On September 11, 2014, "one or more" of the tires on the truck driven by Erik Fink exploded. Id. ¶ 17. The resulting crash caused Erik Fink to suffer serious, ongoing injuries and medical procedures. Id. ¶ 18. A "post-incident investigation . . . revealed that the subject truck's tires were defective and unsafe." Id. ¶ 19.

On January 11, 2017, Worldwide filed a crossclaim against Spirit and Dow,[1] seeking indemnification and contribution for any judgment entered against it. See, e.g. Crossclaim of Worldwide Equipment Leasing, Inc. ("Crossclaim") ¶ 3. The Supreme Court of Appeals of West Virginia recognizes two types of indemnity: "express indemnity, based on a written agreement,

---

[1] Worldwide Equipment Leasing, Inc., filed its crossclaim separate from the crossclaim filed by Worldwide Equipment, Inc.; Worldwide Equipment Enterprises, Inc.; and Worldwide Equipment of West Virginia, Inc. The court, however, will treat these crossclaims as one, noting that the separate crossclaims are virtually identical, that the Worldwide defendants filed a joint response to Spirit and Dow's motions to dismiss, and that the Worldwide defendants together later filed a single amended crossclaim.

3

and implied indemnity, arising out of the relationship between the parties." Syl. Pt. 1, Valloric v. Dravo Corp., 178 W. Va. 14, 15 (1987). Contribution is described as a case "when persons having a common obligation, either in contract or tort, are sued on that obligation and one party is forced to pay more than his pro tanto share of the obligation." Syl. Pt. 4, Sydenstricker v. Unipunch Prods., Inc., 169 W. Va. 440, 441 (1982). "One of the essential differences between indemnity and contribution is that contribution does not permit a full recovery of all damages paid by the party seeking contribution. Recovery can only be obtained for the excess that such party has paid over his own share." Id.

On February 1, 2017, Spirit and Dow filed identical motions to dismiss Worldwide's crossclaim. Both parties insist that Worldwide has not alleged a single fact to support its claims for indemnification and contribution. See Spirit and Dow Memoranda in Support of Motion to Dismiss ("Mem. in Supp.").

Worldwide made two filings on February 15, 2017. First, Worldwide filed an amended crossclaim. In it, Worldwide reasserts its claims for indemnification and contribution. Amended Crossclaim ("Am. Crossclaim") ¶ 11. Worldwide also claims that it is entitled to express indemnification from Spirit, alleging that the lease agreement between it and Spirit

4

provides "that [Spirit] is obligated to indemnify and hold harmless . . . Worldwide." Id. ¶ 4; see id. ¶¶ 10, 12.

Second, Worldwide responded to the pending motions to dismiss. Worldwide argues that it incorporated into its original crossclaim the factual allegations of the complaint. Response to Motion to Dismiss ("Resp.") at 5-6. Those allegations, according to Worldwide, are sufficient for its claims for contribution and indemnification to survive. Id. In addition, Worldwide adds that it has provided in its amended crossclaim sufficient factual information for its claim for express indemnification from Spirit to proceed. Id. at 8.

II.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Correspondingly, Rule 12(b)(6) provides that a pleading may be dismissed for a "failure to state a claim upon which relief can be granted."

To survive a motion to dismiss, a pleading must recite "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009) (quoting Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008)). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); Andrew v. Clark, 561 F.3d 261, 266 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555).

"In resolving a motion pursuant to Rule 12(b)(6)[,] a district court cannot consider matters outside the pleadings without converting the motion into one for summary judgment." Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013) (citing Fed. R. Civ. P. 12(d)). "A court may, however, consider a 'written instrument' attached as an exhibit to a pleading, 'as well as [documents] attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" Id. (alteration in original) (internal citation omitted) (quoting Fed. R. Civ. P. 10(c) and Phillips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009)); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357 (3d

ed. 2017) ("Numerous cases . . . have allowed consideration of matters incorporated by reference or integral to the claim . . . and exhibits attached to the complaint whose authenticity is unquestioned . . . ."); cf. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007) (stating that, in the context of deciding on a motion under 12(b)(6) "whether the pleaded facts give rise to a 'strong' inference of scienter," courts may consider "documents incorporated into the complaint by reference").

A district court's evaluation of a motion to dismiss is underlain by two principles. First, when considering a motion to dismiss, the court "must accept as true all of the factual allegations contained in the [pleading]." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56). In doing so, factual allegations should be distinguished from "mere conclusory statements," which are not to be regarded as true. Iqbal, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Second, the court must "assum[e] that all the allegations in the [pleading] are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations omitted); see also Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999) (stating that a district court

must "draw[] all reasonable factual inferences . . . in the [nonmovant's] favor").

### III.

Spirit and Dow argue that Worldwide's original crossclaim "fail[s] to allege any facts which would give rise to a contribution or indemnity claim" and should be dismissed. Mem. in Supp. at 3-4. Worldwide responds that it "specifically referenced the allegations made in the . . . Complaint" and that those allegations support cognizable claims for contribution and indemnification. Id. Further, Worldwide asserts that it has included new facts in its amended crossclaim that state a plausible claim against Spirit for express indemnification. Id. at 7-8.

As an initial matter, Worldwide filed its amended crossclaim on February 15, 2017, to which Spirit and Dow filed an answer on March 1, 2017. Because there have been no objections to the filing of the amended crossclaim, the court considers the pending motions to dismiss as if directed at the amended crossclaim.

Further, the court notes that Worldwide incorporated the complaint into its original and amended crossclaims. The pertinent paragraph of the crossclaims state as follows:

> Worldwide asserts that if it is held liable to Plaintiffs for any injuries and damages, as alleged by Plaintiffs in their Complaint, then Worldwide is entitled to indemnity and contribution, as the facts may warrant . . . .

Crossclaim ¶ 3; Am. Crossclaim ¶ 11. On this point, Spirit and Dow reference Travelers Prop. Cas. Co. of Am. v. Mountaineer Gas Co., where the district court dismissed a "barebones crossclaim [that] allege[d] no facts supporting" a claim. 2:15-cv-07959, 2015 WL 7196515, at *3 (S.D. W. Va. Nov. 16, 2015) (Goodwin, J.). Spirit and Dow attempt to draw a parallel between the "barebones" nature of the crossclaim in Travelers to Worldwide's original crossclaim in the present case. Mem. in Supp. at 4.

In Travelers, however, the district court emphasized that the cross claimant "did not expressly incorporate [the complaint] into its crossclaim." 2015 WL 7196515, at *3. Assuming arguendo that the holding in Travelers is controlling here, the court finds that Worldwide "expressly incorporate[d]" the complaint into its crossclaims. See Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.").

A. Contribution

The Supreme Court of Appeals of West Virginia holds that "one joint tort-feasor is entitled to contribution from another joint tort-feasor, except where the act is malum in se." Syl. Pt. 3, Haynes v. City of Nitro, 161 W. Va. 230, 230 (1977); see also Restatement (Third) of Torts § 23 (Am. Law Inst. 2000) ("When two or more persons are or may be liable for the same harm[,] . . . the person discharging the liability is entitled to recover contribution from the other . . . ."). "The right to contribution arises when [parties owe] a common obligation" to the party who suffered tortious harm, and "one party is forced to pay more than his pro tanto share of the" damages. Syl. Pt. 4, Sydenstricker, 169 W. Va. at 441.

Worldwide, by way of the complaint, alleges that each of Worldwide, Spirit, and Dow were aware that the tires on the truck driven by Erik Fink were faulty. See Compl. ¶¶ 12-13, 15-16. Nevertheless, each defendant failed to ensure that the truck was repaired. See Compl. ¶¶ 14, 19. At this juncture, taking Worldwide's allegations as true and drawing all inferences in its favor, Worldwide has stated a plausible claim that it is entitled to contribution from its alleged joint tortfeasors, Spirit and Dow. Whether Worldwide ultimately recovers contribution from Spirit and Dow is, of course,

dependent on the apportionment of liability and whether and how much the Finks recover from each of the defendants. At any rate, those are issues to be decided after discovery. Accordingly, Spirit and Dow's motions to dismiss Worldwide's claim for contribution must be denied.

B. Implied Indemnification

Under West Virginia law, "the concept of implied indemnity is based on equitable principles arising from the special nature of the relationship between the parties." Sydenstricker, 169 W. Va. at 445. "In the typical case, the indemnitee is made liable to the injured party because of some positive duty created by statute or the common law, but the actual cause of the injury was the act of the indemnitor." Syl. Pt. 2, Hill v. Joseph T. Ryerson & Son, Inc., 156 W. Va. 22, 22 (1980). Drawing on these principles, the West Virginia Supreme Court of Appeals requires an alleged indemnitee to prove the following three elements:

> (1) an injury was sustained by a third party; (2) for which a putative indemnitee has become subject to liability because of a positive duty created by statute or common law, but whose independent actions did not contribute to the injury; and (3) for which a putative indemnitor should bear fault for causing because of the relationship the indemnitor and indemnitee share.

11

Syl. Pt. 4, Harvest Capital v. W. Va. Dep't of Energy, 211 W. Va. 34, 36 (2002).

Worldwide fails to state a claim that could plausibly satisfy the second element, namely, that the indemnitee's "independent actions did not contribute to the injury." Id. By its own admission, drawing from the complaint, Worldwide "discovered the faulty tires on the subject truck." Compl. ¶ 12. Worldwide "failed[, however,] to replace and/or repair the tires" and "instructed . . . Erik Fink to have [Spirit] repair the faulty tires." Id. Further, Worldwide told Erik Fink that he "should be able to drive the subject truck for an additional two months." Id. Taking these allegations in the light most favorable to Worldwide, Worldwide has not made a plausible showing that its "independent actions did not contribute to the injury." Syl. Pt. 4, Harvest Capital, 211 W. Va. at 36. Instead, Worldwide has acknowledged its role in the events leading to Erik Fink's crash. See Compl. ¶ 12. For that reason, Spirit and Dow's motions to dismiss Worldwide's claim for implied indemnification must be granted.

C. Express Indemnification

"[E]xpress indemnity[] [is] based on a written agreement" between the parties. See Syl. Pt. 1, Valloric, 178

W. Va. at 15. In West Virginia, "[e]xpress indemnity agreements . . . are commonly governed by the principles surrounding the requisites, validity and construction of contracts generally." Perrine v. E.I. du Pont de Nemours & Co., 225 W. Va. 482, 508 (2010).

In support of its argument for express indemnification from Spirit, Worldwide has attached to its amended crossclaim the Vehicle Lease and Service Agreement ("Lease"). See Am. Crossclaim, Exhibit ("Exh.") A. The Lease, entered into by Worldwide and Spirit, states on page 4, paragraph 8.A that

> [Spirit] agrees to indemnify and hold [Worldwide] harmless from and against any and all claims, causes of action, damages, liabilities, and expenses of any kind . . . relating to or arising out of the ownership, maintenance, possession, use, operation, control or storage of any Vehicle(s).

Id. The same paragraph goes on to state that "[Spirit] further agrees to indemnify and hold harmless [Worldwide] for death or injury to [Spirit], [Spirit's] employees, drivers or agents, arising out of the ownership, maintenance, use or operation of any Vehicle." Id.

Read in the light most favorable to Worldwide, the plain language of the Lease indicates that Spirit intended to indemnify Worldwide against crashes such as Erik Fink's. See Sellers v. Owens-Illinois Glass Co., 156 W. Va. 87, 92-93 (1972) ("In construing a contract of indemnity and determining the

13

rights and liabilities of the parties thereunder, the primary purpose is to ascertain and give effect to the intention of the parties."). Accordingly, to the extent that Spirit moved to dismiss Worldwide's claim for express indemnification, Spirit's motion must be dismissed.

IV.

For the reasons stated above, the court ORDERS as follows:

1. Spirit and Dow's motions to dismiss for failure to state a claim for contribution be, and hereby are, denied;

2. To the extent that they refer to implied indemnification, Spirit and Dow's motions to dismiss for failure to state a claim for indemnification be, and hereby are, granted; and

3. To the extent that it refers to express indemnification, Spirit's motion to dismiss for failure to state a claim for indemnification be, and hereby is, denied.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: September 25, 2017

John T. Copenhaver, Jr.
United States District Judge